

March 11, 2021



SINGLETARY LAW FIRM PLLC

JOCELYN DAVIS SINGLETARY
SINGLETARY LAW FIRM PLLC
4801 E INDEPENDENCE BLVD STE 501
CHARLOTTE, NC 28212

RE: YESSICA XIOMARA CISNEROS MORENO
I-485, Application to Register Permanent Residence or
Adjust Status

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
201 Regency Executive Park Drive
Charlotte, NC 28217

U.S. Citizenship
and Immigration
Services



MSC2090358311



A095-036-745

## DECISION

Dear YESSICA CISNEROS MORENO:

On November 4, 2019, you filed a Form I-485, Application to Register Permanent Residence or Adjust Status, with U.S. Citizenship and Immigration Services (USCIS) under section 245 of the Immigration and Nationality Act (INA). You filed Form I-485 based on being the beneficiary of an immigrant petition pursuant to INA 203(d) based on being the child derivative beneficiary of Hilda Veronica Moreno, who is the principal beneficiary of an immigrant petition.

After a thorough review of your application, your testimony during your interview, and the record of evidence, we must inform you that we are denying your application. To qualify for adjustment under INA 245, an applicant must:

- Be inspected and admitted or inspected and paroled into the United States;
- Be eligible to receive an immigrant visa;
- Be admissible to the United States for permanent residence; and
- Have an immigrant visa immediately available at the time the application is filed.

You must demonstrate that you are eligible to adjust status to a lawful permanent resident (LPR). See Title 8, Code of Federal Regulations (8 CFR), section 245.1.

### Statement of Facts and Analysis, Including Reason(s) for Denial

On November 30, 2020, you appeared for an interview to determine your eligibility for adjustment of status. During the interview and review of your application with an Immigration Services Officer, you testified that the information on your Form I-485, along with any amendments made during the adjustment interview, and supporting evidence were true and correct. At the interview, you provided testimony under oath.

- You testified that you entered the United States without inspection on August 20, 2000.
- You testified that you applied for Form I-821 Application for Temporary Protected Status (TPS) for the first time on June 28, 2001.
- You testified that your initial TPS application was approved and valid from December 28, 2002 and valid until September 9, 2003.

- You testified that you traveled outside of the United States and re-entered using Advance Parole on January 27, 2019.

On December 3, 2020, USCIS issued a Notice of Intent to Deny (NOID) advising you that the evidence supporting the application was insufficient to establish your eligibility for adjustment at the time you filed the application. You were given 33 days, and 60 additional days based on COVID-19 regulations, to demonstrate that you are eligible to apply under the provisions of Section 245(i). Pursuant to INA 245(i) and 8 CFR 245.10, certain applicants who entered or remained in the United States without authorization but for whom an immigrant visa is immediately available may be able to adjust status provided they submit a completed Supplement A to Form I-485 with the proper penalty fee (if required), and:

- Demonstrate that they are the beneficiary of a visa petition or application for labor certification filed after January 14, 1998, and on or before April 30, 2001. And also submit documentation to establish physical presence in the United States on December 21, 2000. **OR**
- Demonstrate that they are the beneficiary of a visa petition or application for labor certification filed on or before January 14, 1998.

You responded to the NOID on March 1, 2021. As part of your response to the NOID, you submitted the following documentation:

- Statement from your attorney Jocelyn Davis Singletary;
- Copy of your Form I-821 Application for Temporary Protected Status (TPS);
- Copy of your first Employment Authorization Document;
- Receipt notice from Forms I-821 and I-765;
- Copy of your parents I-485 approval notices and NVC summary information;
- Copy of USCIS Policy manual;
- Copy of USCIS website;
- Copy of Forms I-765 and I-821.

In the statement submitted by your attorney, she discusses your unlawful status by establishing that the time of your unlawful status "was much less than the period informed by the RFE" and that it was a "technical violation resulting from inaction of the service". The NOID issued by USCIS stated that "an alien is in unlawful immigration status if he or she is in the United States without lawful immigration status either because the alien never had lawful status or because the alien's lawful status has ended." By simply filing an application for an immigration benefit or having a pending benefit application generally does not put a foreign national in a lawful immigration status. Furthermore, you have not demonstrated by the evidence provided that you were in lawful status at the time you entered the United States.

Additionally, you did not submit or provide any evidence of being eligible to apply under the provisions of Section 245(i).

The evidence provided was reviewed carefully and was added to the record. However, after reviewing the evidence and the testimony provided at the interview, USCIS records indicate that you are ineligible for the following reason(s):

An applicant adjusting under INA 245(a) must establish that he or she is not barred under INA 245(c). See 8 CFR 245.1(a) and (b). Records indicate the following:

- USCIS records show that you applied for Form I-821 Application for Temporary Protected Status (TPS) on June 28, 2001. On the Form I-821, you stated that you entered the

United States on August 20, 2000. Your TPS status was approved and valid from December 28, 2002 to September 9, 2003.
- On April 24, 2002, a Form I-130 Petition for Alien Relative was submitted to USCIS on behalf of Hilda V. Moreno, your mother, and you as beneficiaries under section INA 203(a)(4) sister of a U.S. citizen who is at least 21 years old, this falls under other relative of a U.S. citizen or relative of a lawful permanent resident under the family-based preference categories. An approval notice was sent on July 23, 2009.
- On November 19, 2018 you obtained an Authorization for Parole of an Alien into the United States document and you traveled outside of the United States and re-entered using this authorization on January 27, 2019.
- Based on this information, you spent from August 20, 2000, to December 27, 2002 (2 years, 4 months and 7 days) in unlawful status. An alien is in unlawful immigration status if he or she is in the United States without lawful immigration status either because the alien never had lawful status or because the alien's lawful status has ended. Aliens in unlawful immigration status generally include those who entered the United States without inspection and admission or parole and aliens whose lawful immigration status expired or was rescinded, revoked, or otherwise terminated.

If in unlawful immigration status, the foreign national's unlawful status generally begins:

- On the day the foreign national enters the United States without inspection;
- On the day the foreign national violates the terms or conditions of his or her nonimmigrant status; or
- On the day after the foreign national's authorized status has been violated, has expired, been rescinded, revoked, or otherwise terminated while he or she is physically present in the United States.

Unlawful immigration status generally ends when either of the following events occur, whichever is earlier:

- The foreign national obtains lawful immigration status, or
- The foreign national departs the United States.

Obtaining TPS and re-entering on advance parole does not satisfy the requirement for the applicant to have continuously maintained lawful status since entry under INA § 245(c) and 8 CFR 245.1(d)(3). Per 245.1(d)(3), the re-entry "does not erase the bar to adjustment of status" for failure to continuously maintain lawful status. In other words, TPS does not "cure" all the pre- TPS period of unlawful status for adjustment in a preference category. Further, failure to maintain lawful status under INA 245(c) does not have an age exception like unlawful presence under INA 212(a)(9)(B).

You are applying based on being the beneficiary of an immigrant petition pursuant to INA 203(d), as the child derivative beneficiary of Hilda Veronica Moreno, who is the principal beneficiary of an immigrant petition and a legal permanent resident. Since you are applying for adjustment based on a preference category, the 245(c) bars to adjustment of status apply to you. You may be barred from adjusting status depending on how you entered the United States or if you committed a particular act or violation of immigration law. You are ineligible to apply for adjustment of status if one or more bars to adjustment listed in section 245(c) of the Immigration and Nationality Act (INA) apply to you.

Because the INA 245(c) bar of failure to continuously maintain lawful status applies to you, you are not qualified to adjust status at this time. Therefore, you are restricted from adjustment of status.

You have not established that you are eligible for adjustment under INA 245. Therefore, USCIS must deny your Form I-485.

You may not appeal this decision. However, if you believe that the denial of your Form I-485 is in error, you may file a motion to reopen or a motion to reconsider using Form I-290B, Notice of Appeal or Motion. The grounds for a Motion to Reopen and Motion to Reconsider are explained in 8 CFR 103.5(a). You must file Form I-290B within 30 days of the date of this decision if this decision was served in person, or within 33 days if the decision was served by mail. See 8 CFR 103.5(a) and 103.8(b). Note: You must follow the most current filing instructions for Form I-290B, which can be found at www.uscis.gov.

To access Form I-290B or if you need additional information, please visit the USCIS Web site at www.uscis.gov or call the USCIS Contact Center toll free at 1-800-375-5283. You may also contact the USCIS office having jurisdiction over your current place of residence.

**NOTE on Employment Authorization Document:** Any employment authorization based upon this Form I-485 is automatically terminated if the expiration date on the employment authorization document has been reached. See 8 CFR 274a.14(a)(1)(i). Since this Form I-485 is denied, the condition upon which your employment authorization was based no longer exists. Any unexpired employment authorization based upon this Form I-485 is revoked as of 18 days from the date of this notice, unless you submit, within 18 days, proof that your Form I-485 remains pending. See 8 CFR 274a.14(b)(2). The decision by the district director shall be final and no appeal shall lie from the decision to revoke the authorization. Your employment authorization document should be returned to the local USCIS office.

**NOTE on Advance Parole Document:** Any advance parole document based upon this Form I-485 is automatically terminated if the expiration date of the time for which parole was authorized has been reached. See 8 CFR 212.5(e)(1)(ii). Since this Form I-485 is denied, the purpose for which your advance parole document was issued has been accomplished. Any unexpired advance parole document issued to you based upon this Form I-485 is terminated as of the date of this notice. See 8 CFR 212.5(e)(2)(i). Your advance parole document should be returned to the local USCIS office.

Sincerely,



Christopher M. Heffron
Field Office Director

cc: JOCELYN SINGLETARY

MSC2090358311



A095-036-745