RECEIVED

October 12, 2021     OCT 16 2021







U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
201 Regency Executive Park Drive
Charlotte, NC 28217

**U.S. Citizenship and Immigration Services**

YESSICA XIOMARA CISNEROS MORENO
c/o SINGLETARY LAW FIRM PLLC
4801 E INDEPENDENCE BLVD STE 902
CHARLOTTE, NC 28212
USA

IOE0912378793

A095-036-745

RE: YESSICA XIOMARA CISNEROS MORENO
I-290B, Notice of Appeal or Motion

## DECISION

On November 4, 2019 you filed a Form I-485, Application to Register Permanent Residence or Adjust Status pursuant to Section 245 of the Immigration and Nationality Act. On March 11, 2021, U.S. Citizenship and Immigration Services (USCIS) denied the Form I-485.

On May 10, 2021, USCIS received a motion to reopen and reconsider pursuant to Title 8, Code of Federal Regulations (CFR), §103.5(a).

Title 8, CFR, §103.5(a), states that motions must:

1. Be filed within 33 days of the adverse decision that the motion seeks to reopen;
2. Present new facts to be considered in the proceedings;
3. Present the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy; and
4. Be signed by the affected party (person with legal standing in the proceedings).

USCIS denied your Form I-485 because you were seeking adjustment of status in a preference based category and you failed to maintain lawful status from the date of your entry into the United States through the date of filing Form I-485 and you did not submit evidence that you are eligible for adjustment of status under section 245(i) of the INA.

USCIS is unable to approve your motion. The record reflects that you entered the United States on or about August 20, 2000 without being inspected and admitted or paroled. On June 28, 2001, you filed and application for Temporary Protected Status (TPS). You subsequently obtained advance parole, traveled outside the United States and re-entered the United States on January 27, 2019 with your advance parole.

Obtaining TPS and re-entering the United States on advance parole does not satisfy the requirement for the applicant to have continuously maintained lawful status since entry under INA 245(c) and 8 CFR § 245.1(d)(3). Per 8 CFR § 245.1(d)(3), the re-entry does not "cure" any pre-TPS period in which an applicant failed to continuously maintain lawful status for the purpose of adjusting status to that of a lawful permanent resident in a preference based category.

In support of Form I-290B, it is argued that your failure to maintain status was through no fault of your own, pursuant to 8 C.F.R. § 245.1(d)(2)(i). The meaning of "other than through no fault of his or her own or for technical reasons" is limited to the following circumstances: inaction of another person (except a parent for a child) or organization or organization designated by regulation to act on behalf of an applicant or over whose actions the applicant has no control, if that person or organization acknowledges the inaction; Technical violation resulting from inaction of USCIS; Technical violation caused by the physical inability of the applicant to request an extension of nonimmigrant stay from USCIS in person or by mail; or Technical violation resulting from Legacy INS's application of the 5-year or 6-year period of stay for certain H-1 nurses, if the nurse was re-instated to H-1 status as a result of the Immigration Amendments of 1988.

As you did not submit any evidence of any filing prior to the TPS application submitted on June 28, 2001, USCIS inaction does not pertain to your failure to maintain lawful status from entry on or about August 20, 2000 through the filing of your TPS application on June 28, 2001. In support of Form I-290B, your mother submitted an affidavit saying that the reason she did not file a TPS application on your behalf is because she received incorrect advice upon arrival. However, your mother did not indicate that the advice she sought was from an attorney, or organization that she relied on to file the TPS application. Additionally, you did not provide evidence that any individual or organization acknowledged such inaction. As stated above, failure to maintain status "other than through no fault of his or her own for technical reasons" does not apply to inaction of a parent for a child. Since the inaction indicated in your mother's affidavit is your parent's inaction, it is not a "no fault" circumstance which excuses the applicant's failure to continuously maintain status.

You have not provided evidence that you maintained lawful status in the United States from the date of your entry through the filing date of your Form I-485, as required for adjustment of status in a preference based category. Additionally, you have not submitted evidence that your failure to maintain status was through no fault of your own, pursuant to 8 C.F.R. § 245.1(d)(2)(i). Finally, you have not submitted evidence that you qualify for adjustment of status under 245(i).

The motion submitted does not meet the requirements of a motion to reopen, nor of a motion to reconsider.

It is hereby ordered that the motion to reopen and reconsider be dismissed. The decision of March 11, 2021 is affirmed.

This decision is without prejudice to future applications filed with the appropriate USCIS office.

Sincerely,

Christopher M. Heffron
Field Office Director
Officer: NC1028

## Attachment
## (Applicable Law/Regulations)

8 CFR § 103.5(a) Motions to reopen or reconsider in other than special agricultural worker and legalization cases

(1) When filed by affected party –(i) General. Except where the Board has jurisdiction and as otherwise provided in 8 CFR parts 3, 210, 242 and 245a, when the affected party files a motion, the official having jurisdiction may, for proper cause shown, reopen the proceeding or reconsider the prior decision. Motions to reopen or reconsider are not applicable to proceedings described in § 274a.9 of this chapter. Any motion to reconsider an action by the Service filed by an applicant or petitioner must be filed within 30 days of the decision that the motion seeks to reconsider. Any motion to reopen a proceeding before the Service filed by an applicant or petitioner, must be filed within 30 days of the decision that the motion seeks to reopen, except that failure to file before this period expires, may be excused in the discretion of the service where it is demonstrated that the delay was reasonable and was beyond the control of the applicant or petitioner. (ii) Jurisdiction. The official having jurisdiction is the official who made the latest decision in the proceeding unless the affected party moves to a new jurisdiction. In that instance, the new official having jurisdiction is the official over such a proceeding in the new geographical locations. (iii) Filing Requirements. A motion shall be submitted on Form I-290B and may be accompanied by a brief. It must be:(A) In writing and signed by the affected party or the attorney or representative of record, if any;(B) Accompanied by a nonrefundable fee as set forth in 8 CFR 106.2;(C) Accompanied by a statement about whether or not the validity of the unfavorable decision has been or is the subject of any judicial proceeding and, if so, the court, nature, date, and status or result of the proceeding;(D) Addressed to the official having jurisdiction; and(E) Submitted to the office maintaining the record upon which the unfavorable decision was made for forwarding to the official having jurisdiction.(iv) Effect of motion or subsequent application or petition. Unless the Service directs otherwise, the filing of a motion to reopen or reconsider or of a subsequent application or petition does not stay the execution of any decision in a case or extend a previously set departure date.

(2) Requirements for motion to reopen. A motion to reopen must state the new facts to be provided in the reopened proceeding and be supported by affidavits or other documentary evidence. A motion to reopen an application or petition denied due to abandonment must be filed with evidence that the decision was in error because:(i) The requested evidence was not material to the issue of eligibility; (ii) The required initial evidence was submitted with the application or petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period; or (iii) The request for additional information or appearance was sent to an address other than that on the application, petition, or notice of representation, or that the applicant or petitioner advised the Service, in writing, of a change of address or change of representation subsequent to filing and before the Service's request was sent, and the request did not go to the new address.

(3) Requirements for motion to reconsider. A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision.

(4) Processing motions in proceedings before the Service. A motion that does not meet applicable requirements shall be dismissed. Where a motion to reopen is granted, the proceeding shall be reopened. The notice and any favorable decision may be combined.

