UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00579-RJC-DCK

| | |
|---|---|
| YESSICA XIOMARA CISNEROS MORENO, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Order** |
| UR MENDOZA JADDOU, *Director, U.S.* ) | |
| *Citizenship and Immigration Services*, and ) | |
| CHRISTOPHER M. HEFFRON, *Director of* ) | |
| *Charlotte Field Office of U.S. Citizenship and* ) | |
| *Immigration Services*, ) | |
| | |
| **Defendants.** | |

**THIS MATTER** is before the Court on the Motion to Dismiss filed by Ur M. Jaddou and Christopher M. Heffron (Doc. No. 6), two officials from U.S. Citizenship and Immigration Services (USCIS). For the reasons below, that motion is **GRANTED**.

**I.  BACKGROUND**

Yessica Xiomara Cisneros Moreno, a native and citizen of El Salvador, challenges USCIS's denial of her application for an adjustment of her immigration status. Compl. ¶¶ 1–3, Doc. No. 1. After entering the United States without inspection, Cisneros Moreno was granted Temporary Protective Status. *Id.* ¶¶ 29–30. She later applied for an adjustment of her status under 8 U.S.C. § 1255. *Id.* ¶ 43. USCIS denied her application, concluding that she failed to continuously maintain a lawful status since entering the United States. USCIS I-485 Decision 3–4 (March 11, 2021), Doc. No. 1-5; USCIS I-290B Decision 1 (Oct. 12, 2021), Doc. No. 1-6.

Cisneros Moreno filed suit in federal court, alleging that USCIS violated the Administrative Procedure Act (APA) when it denied her application. Compl. ¶¶ 1–2. Ur M. Jaddou (the Director of USCIS) and Christopher M. Heffron (the Director of USCIS's field office in

Charlotte, North Carolina) moved to dismiss the Complaint under Rule 12(b)(1). Doc. No. 6. They argue that a provision in the Immigration and Nationality Act (INA) divests federal courts of subject-matter jurisdiction over challenges like Cisneros Moreno's. Defs.' Mem. 1, Doc. No. 6-1.

## II. STANDARD OF REVIEW

Federal courts have "limited" subject-matter jurisdiction and "may exercise only that jurisdiction which Congress has prescribed." *Chris v. Tenet*, 221 F.3d 648, 655 (4th Cir. 2000). The existence of subject-matter jurisdiction is a threshold issue that a court must address before considering the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998); *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). If a court lacks jurisdiction, it has no authority to hear any part of a case. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

An argument asserting a lack of subject-matter jurisdiction "may be raised at any time." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). The party invoking federal jurisdiction has the burden of proving that subject-matter jurisdiction exists. *Kouambo v. Barr*, 943 F.3d 205, 209 (4th Cir. 2019). And a dismissal for lack of subject-matter jurisdiction must be without prejudice since the court "has no power to adjudicate and dispose of a claim on the merits." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).

## III. DISCUSSION

The INA insulates some of the government's immigration-related decisions from judicial review. Relevant here, one of the INA's provisions states that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title." 8 U.S.C § 1252(a)(2)(B)(i).

That provision divests the Court of jurisdiction over Cisneros Moreno's claim. Cisneros Moreno applied for an adjustment of her immigration status under 8 U.S.C. § 1255. Denials of relief under that section are specifically exempted from judicial review by 8 U.S.C § 1252(a)(2)(B)(i). *See* § 1252(a)(2)(B)(i) ("Notwithstanding any other provision of law . . . , no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title . . . ."); *Lee v. U.S. Citizenship & Immigr. Servs.*, 592 F.3d 612, 619 (4th Cir. 2010) ("The INA specifically closes the door to judicial review of certain discretionary agency decisions, including the denial of an application for adjustment of status . . . ." (citing § 1252(a)(2)(B)); *see also Patel v. Garland*, 142 S. Ct. 1614, 1621 (2022) (stating in dicta that "[§] 1252(a)(2)(B)(i) strips courts of jurisdiction to review 'any judgment regarding the granting of relief' under § 1255"); *Britkovyy v. Mayorkas*, 60 F.4th 1024, 1029 (7th Cir. 2023) (applying *Patel* and holding that the "plain language" in § 1252(a)(2)(B)(i) "strips [federal courts] of jurisdiction to review denials of relief by USCIS under § 1255"). The Court therefore lacks subject-matter jurisdiction over Cisneros Moreno's claim.

Cisneros Moreno argues that the APA provides a basis for judicial review. *See* Pl.'s Resp. 6–7, Doc. No. 9 (quoting 5 U.S.C. § 706(2)(D)). But the APA's "judicial review provisions do not apply where 'statutes preclude judicial review.'" *Lee*, 592 F.3d at 619 (quoting 5 U.S.C. § 701(a)(1)). As explained above, the INA, in § 1252, precludes judicial review here. So the INA forecloses Cisneros Moreno's APA claim. *See id.* at 620 ("The claim raised in Lee's APA action falls squarely within the scope of § 1252(a)(2)(B)(i).").

Cisneros Moreno asserts that § 1252's jurisdictional bar applies only to decisions made in removal proceedings. Pl.'s Resp. 2, 4–5. And since the denial of her application was not made in such proceedings, she contends that the bar is inapplicable here. *Id.* Section 1252, however, states

3

that courts lack jurisdiction over decisions related to relief under § 1255 "regardless of whether the judgment, decision, or action is made in removal proceedings." § 1252(a)(2)(B); *see also Lee*, 592 F.3d at 619 ("[T]he language 'regardless of whether the judgment, decision, or action is made in removal proceedings' makes clear that the jurisdictional limitations imposed by § 1252(a)(2)(B) also apply to review of agency decisions made outside of the removal context."). So the absence of removal proceedings makes no difference to the jurisdictional analysis.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Motion to Dismiss filed by Jaddou and Heffron (Doc. No. 6) is **GRANTED**. The Clerk of Court is directed to close this case.

Signed: August 14, 2023

Robert J. Conrad, Jr.
United States District Judge